**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Saul Aaron Mendoza SANCHEZ,
Defendant–Appellant.**

No. 04–40957.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 22, 2006.

James Lee Turner, Assistant U.S. Attorney, Mitchel Neurock, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM: *

Saul Aaron Mendoza Sanchez appeals from his guilty-plea conviction for reentry of a deported alien, in violation of 8 U.S.C. § 1326. Sanchez argues that his sentence should be vacated and remanded because the district court sentenced him under the mandatory guidelines scheme held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Because the district court sentenced Sanchez under a mandatory guidelines regime, it committed error. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005); *see also United States v. Walters,* 418 F.3d 461, 463 (5th Cir.2005). The

---

Government concedes that Sanchez's objection below preserved his claim. We cannot affirm the erroneous sentence unless the Government shows that the error is harmless beyond a reasonable doubt. *See United States v. Pineiro,* 410 F.3d 282, 285–86 (5th Cir.2005). We conclude that the Government has not met its burden. *See United States v. Garza,* 429 F.3d 165, 171 (5th Cir.2005). We therefore VACATE Sanchez's sentence and REMAND for re-sentencing.

Sanchez also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Sanchez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Sanchez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Sanchez's conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under